UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W&T, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02909-RLY-TAB |
| ) | |
| SENTRY ROOFING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| SENTRY ROOFING, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MATT HUNKE ) | |
| d/b/a CMH CONSTRUCTION, ) | |
| ) | |
| Third Party Defendant. ) | |

**ORDER ON DECEMBER 7, 2020, STATUS CONFERNCE
ADDRESING DISCOVERY DISPUTE**

The parties appeared by counsel December 7, 2020, to address a discovery dispute involving the format and extent of Defendant Sentry Roofing, Inc.'s ESI discovery production to Plaintiff W&T, Inc. The Court gave the parties an opportunity to be heard and then took the matter under advisement to consider their oral arguments and written submissions.

This is the second time the Court has waded into a discovery dispute regarding Defendant's discovery obligations. The Court held a prior conference on June 9, 2020, and ordered Defendant to produce information it had withheld regarding employees' training, certifications, discipline, and performance. [Filing No. 70.] This time around, the dispute is two

pronged. First, the parties dispute the format of production. Second, the parties dispute the appropriateness of Defendant's relevance and confidentiality objections. Defendant asserts that none of the withheld documents are relevant, and further argues that a subgroup of these documents contains Defendant's confidential financial information.

As for the format of production, the parties agreed in their proposed Case Management Plan, which the Court approved [Filing No. 28], that production would be in native format. Defendant's suggestion that production should occur in a different format—after this case has been pending well over a year and after discovery has closed—falls flat. The real dispute here is that Defendant has balked at paying the approximate $700 to $1,000 that will be needed to complete production in native format. But as Plaintiff rightfully points out, the various problems that have occurred with Defendant's document production are of Defendant's own making (and perhaps also of the vendor Defendant hired to assist with production). Production in native format helps ensure authenticity of the underlying ESI, which is always important, but is particularly so in this case given that issues have arisen from Defendant's ESI production. Specifically, Plaintiff served the production requests underlying the instant dispute in December 2019, and Defendant candidly concedes, associated complications necessitated involving a third-party vendor, which did not cure all the deficiencies. Plaintiff suggests that Defendant's concern about production format is an effort to delay this litigation and frustrate Plaintiff's ability to conduct meaningful discovery. The Court does not share Plaintiff's characterization, but nevertheless agrees with Plaintiff that native format production is required, and Defendant should bear the relatively modest cost of that production.

Defendant's relevance and confidentiality objections fare no better. Relevance objections typically face an uphill battle, as relevance for discovery purposes is construed broadly. *Hunt v.*

*Hubler Chevrolet*, No. 1:18-cv-01505-RLY-MJD, 2019 WL 1043163, at *2 (S.D. Ind. March 4, 2019). The Court has reviewed unredacted copies of the disputed documents. The Court understands Defendant's relevance concerns given that the documents, for example, reflect roof projects other than the roof project that is the subject of Plaintiff's lawsuit. Nevertheless, a review of the unredacted documents reveals potential relevance to Plaintiff's theory of poor workmanship, use of subcontractors, time pressures on jobs, and financial constraints. The Court cannot say that these documents, which involve the same general time frame as the allegedly defective work performed in this case, are wholly irrelevant for discovery purposes.

As for Defendant's confidentiality objection, Defendant has failed to set forth any reason why the protective order that is in place will not adequately address this concern.

For these reasons, the Court overrules Defendant's objections. Within 14 days from the date of this order, Defendant shall produce unredacted copies of the disputed documents to Plaintiff in native format at its own expense.

Date: 12/7/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joshua James Burress
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
joshua.burress@dentons.com

Gregory A. Neibarger
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
greg.neibarger@dentons.com

3

Suzanne S. Newcomb
SMITHAMUNDSEN LLC (Indianapolis)
snewcomb@salawus.com

Allison Jean Smith
SMITHAMUNDSEN LLC
ajsmith@salawus.com